IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL -5 P 3: 28

DEBRA P. HACKETT, CL..
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EUGENE EVANS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 2:06cv599-MEF ) |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, et al., | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

COMES NOW **BLUE CROSS AND BLUE SHIELD OF ALABAMA,** the defendant in the above-style cause, and pursuant to 28 U.S.C. Section 1441(a) and (b), and Sections 1446(a) and (b), files this Notice of Removal of this cause from the District Court for Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

As grounds for the removal of this cause to this Honorable Court, the defendant shows unto this Court as follows:

1.  On or about May 4, 2006, the plaintiff commenced this action in the District Court for Montgomery County, Alabama. Pursuant to his Complaint, a copy of which is attached as Exhibit A, the plaintiff seeks monetary damages for the alleged breach of a contract of insurance to pay certain health care costs.

2.  This action is governed by and regulated under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. Section 1001, *et seq.* The

plaintiff alleges in his Complaint that he was covered under his employer's COBRA insurance plan in April 0f 2006. (See Plaintiff's Complaint). In fact, the health plan under which plaintiff sues for benefits is a group plan established by the plaintiff's former employer Health Services, Inc., and known as the Health Services, Inc., Group Health Plan. The plan was established for the purpose of providing for its participants, including the plaintiff, medical, surgical, or hospital care or benefits and is, therefore, an Employee Welfare Benefit Plan as described by 29 U.S.C. Section 1003(a). The plaintiff's employment with Health Services Inc. was terminated on May 1, 2005 and he, at all times pertinent hereto, had continuation coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) as codified in ERISA Section 601-608, 29 U.S.C. Sections 1161-68. The plaintiff in his complaint is claiming benefits due under the COBRA continuation coverage under his employee welfare benefit plan and, therefore, this action is governed by 29 U.S.C. Sections 1109(a),1132(a)(1)(B),1132(e) and1144(a). The plaintiff's underlying claims in his complaint are for health care and medical expenses filed and/or submitted for payment under the terms and provisions of the employee welfare benefit plan.

    3.    ERISA supersedes any and all state laws, and ERISA confers jurisdiction upon the United States District Courts for a determination of rights and claims made by any participant to or beneficiary under an employee welfare Benefit plan. See 29 U.S.C. Sections 1132(e)(1) and (2) and 1144(a). Accordingly, insofar as they purport to be based upon state law, the plaintiff's claims herein are fully preempted and displaced by ERISA. See 29 U.S.C. Section 1144(a).

4.      Pursuant to 29 U.S.C. Sections 1132(e) and 28 U.S.C. 1331 and 1441(a), this Court has original jurisdiction over this cause inasmuch as the same is a civil action within the meaning of the Acts of Congress relating to the removal of causes, and this action arises under the laws of the United States.  Pursuant to 29 U.S.C. Section 1132(e)(1), this Court has exclusive and/or concurrent jurisdiction over the plaintiff's claims herein.  Venue of this case is proper in this Court pursuant to 28 U.S.C. Section 1441(a) and 29 U.S.C. Section 1132(e)(2).

5.      The Legal Department of Defendant Blue Cross and Blue Shield of Alabama received the plaintiff's Summons and Complaint on June 22, 2006.  Defendant has not filed in state court an answer or any other pleading in response to the plaintiff's complaint.  Accordingly, pursuant to 28 U.S.C. Section 1446(b), the removal of this cause to this Court is proper and timely.

6.      Pursuant to 28 U.S.C. Section 1446(d), defendant Blue Cross and Blue Shield of Alabama has this date given notice of the filing of this Notice of Removal to counsel for the plaintiff.  A copy of this Notice of Removal has also been filed with the Clerk of the District Court for Montgomery County, Alabama.  See Exhibits B and C.

**WHEREFORE, THE ABOVE PREMISES HAVING BEEN CONSIDERED,** the defendant Blue Cross and Blue Shield of Alabama prays that the removal of this cause to this Court shall be effected and that no further or other proceedings shall be had with respect to this cause in the District Court for Montgomery County, Alabama.

DONE this 5th day of July, 2006.

_____
WILLIAM F. HILL, II [HILL-0332]
DOY LEALE MCCALL, III [MCC-087]
Attorneys for Defendant Blue Cross and
Blue Shield of Alabama

OF COUNSEL:

HILL, HILL, CARTER,
FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334)834-7600
(334) 263-5969 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties of record, <u>as listed below</u>, by placing same in the United States Mail, postage prepaid and properly addressed on this 5th day of July, 2006.

Mr. Eugene Evans
8080 Wynlakes Boulevard
Montgomery, Alabama 36117

_____
OF COUNSEL

4