**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **EUGENE EVANS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:06-CV-599 MEF VPM |
| ) | |
| **BLUE CROSS AND BLUE SHIELD** ) | |
| **OF ALABAMA, et al.,** ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED ANSWER OF DEFENDANT
BLUE CROSS AND BLUE SHIELD OF ALABAMA**

COMES NOW BLUE CROSS AND BLUE SHIELD OF ALABAMA (hereinafter "Blue Cross"), defendant in the above styled cause, and in answer to the Plaintiff's complaint states as follows:

1.      Blue Cross admits that at the time of the events complained of by Plaintiff he was a member of a group plan established by his former employer Health Services, Inc., known as the Health Services, Inc., Group Health Plan, which is governed by and regulated under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. Section 1001, *et seq.* Blue Cross further admits that the plaintiff's employment with Health Services Inc. was terminated on May 1, 2005 and that he, at all times pertinent hereto, had continuation coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) as codified in ERISA Section 601-608, 29 U.S. C. Sections 1161-68. All other allegations of the Plaintiff's complaint are denied and Blue Cross demands strict proof thereof.

**Affirmative Defenses**

### FIRST DEFENSE

Blue Cross denies each and every other material averment and allegation of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

The Plaintiff's Complaint fails to state a claim under ERISA upon which relief may be granted against Blue Cross.

### THIRD DEFENSE

To the extent Plaintiff is seeking damages other than benefits under the plan, such are not allowable as claims for such damages are preempted by the provisions of ERISA.

### FOURTH DEFENSE

Blue Cross denies any wrongdoing.

### FIFTH DEFENSE

Blue Cross pleads the general issue.

### SIXTH DEFENSE

Blue Cross herein pleads any and all matters or defenses which would or may hereafter constitute an affirmative defense in this cause, whether specifically named herein or not.

### SEVENTH DEFENSE

Blue Cross reserves the right to amend or supplement these defenses and/or this Answer as discovery progresses.

## EIGHTH DEFENSE

Blue Cross avers that the Plaintiff has failed to exhaust his administrative remedies before filing suit.

DONE this 26th day of September, 2006.

/S/ William I. Hill, II
WILLIAM I. HILL, II [HILL0332]
DOY LEALE MCCALL, III [MCC087]
Attorneys for Defendant Blue Cross and
Blue Shield of Alabama

OF COUNSEL:

HILL, HILL, CARTER,
FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334)834-7600
(334) 832-7419 facsimile

## CERTIFICATE OF SERVICE

I Hereby Certify that I have this date electronically filed the foregoing *First Amended Answer of Defendant Blue Cross and Blue Shield of Alabama* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system and by United States Mail, first-class postage prepaid to:

Mr. Eugene Evans (Pro Se)
8080 Wynlakes Boulevard
Montgomery, Alabama 36117

on this the 26h day of September, 2006.

/S/ William I. Hill, II
OF COUNSEL