## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **EUGENE EVANS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No.: 2:06-CV-599 MEF -WC** |
| | ) |
| **BLUE CROSS AND BLUE SHIELD** | ) |
| **OF ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

2007 NOV -7 P 1: 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## FULL AND FINAL COMPROMISE, SETTLEMENT, RELEASE
## AND INDEMNITY AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

## I.

The parties to this Full and Final Compromise, Settlement, Release and Indemnity Agreement (hereinafter referred to as "the Agreement") are **DR. EUGENE EVANS**, on behalf of himself, his successors and assigns, heirs, heirs-at-law, executors, administrators, attorneys, insurers and estates (hereinafter jointly and severally referred to as either the "plaintiff" or the "Undersigned"); and **BLUE CROSS AND BLUE SHIELD OF ALABAMA**, a corporation, and its respective heirs, heirs-at-law, executors, legal representatives, receivers, attorneys, estates, agents, employees, servants, shareholders, officers, directors, predecessors, successors, assigns, insurers, parent companies, subsidiaries, affiliated companies, and all other representatives thereof (hereinafter collectively referred to as the "Released Parties"), and all other persons, firms, organizations or corporations in privity with the Released Parties, whether named herein or not.

## II.

The Undersigned asserts he has claims against the Released Parties on any number of theories, including, but not limited to, the denial of an insurance claim for services rendered at Bradford Health Services in Warrior, Alabama from April 20, 2006, to July 10, 2006.  The Undersigned contends he has suffered various injuries and damages arising out of his alleged claims against the Released Parties.

The purposes of this Agreement are to settle completely and release the Released Parties in a final and binding manner from every claim and potential claim for relief, cause of action and liability of any and every kind, nature and character whatsoever, known or unknown, that the Undersigned has asserted or could have asserted against the Released Parties in any litigation or administrative proceeding relating directly or indirectly to any alleged wrongdoing by the Released Parties.

Accordingly, the Undersigned hereby acknowledges and agrees as follows:

## III.

That for and in consideration of the sum of One Thousand and No/100 Dollars ($1,000.00), the receipt and sufficiency of which is hereby acknowledged and confessed by the Undersigned, and for and in consideration of the additional matters, terms and provisions stipulated herein below, the Undersigned does hereby compromise, settle and fully release and forever discharge the Released Parties of and from any and all claims arising from, or in anyway growing out of, or resulting from, or to result from, all claims, demands, controversies, actions, causes of action, mental or emotional distress and anguish, damages (both compensatory and punitive), equitable relief, medical expenses, non-pecuniary losses, attorney's fees, all other fees, costs and expenses, and any other claim which the Undersigned has held or may now hold or may hereafter hold for any loss or injury or damage

of whatever nature, whether known or unknown, arising from, or in any way growing out of any alleged action or omission by the Released Parties occurring or accruing prior to the signing of this Agreement; including, but not limited to, (1) all claims which were stated or which could have been stated by the Undersigned in Civil Action No. 2:06-CV-599 MEF-WC, styled *Dr. Eugene Evans v. Blue Cross and Blue Shield of Alabama*, currently pending in the United States District Court for the Middle District of Alabama, Northern Division (hereinafter referred to as "the Case"); and (2) all claims and potential claims for relief, causes of action and liabilities arising out of or relating to insurance coverage and/or the denial thereto of the same by the Released Parties for services rendered to Dr. Eugene Evans at Bradford Health Services in Warrior, Alabama from April 20, 2006, to July 10, 2006.

It is expressly agreed and understood by the Undersigned that all such past, present and future claims of the Undersigned are hereby released in full. No further payment for any such alleged claims shall be made by the Released Parties.

## IV.

The Undersigned hereby certifies, warrants and declares that he constitutes the only person entitled to recover from the Released Parties for those alleged claims referred to herein above, with no exceptions, and that there has been no previous assignment of any rights, claims, demands, or causes of action herein released.

## V.

It is hereby further warranted and agreed by the Undersigned that all damages, costs, fees and expenses incurred or resulting from the aforementioned alleged claims will be paid out of the amount paid in settlement hereof, and the amount paid herein and the other matters, terms and provisions stipulated herein constitute all the consideration for this Agreement.

## VI.

It is expressly understood and agreed by the Undersigned that all expenses from which a lien, statutory or otherwise, could arise, have been or will be paid from the consideration herein, and that no further consideration will be given by the Released Parties for payment or satisfaction of any liens.

## VII.

Without limitation of the general nature of this Agreement, for the same aforementioned consideration, the Undersigned does hereby agree to indemnify, save and forever hold harmless the Released Parties of and from any other or further obligation or liability whatsoever to any other person or entity claiming to have an interest in the Undersigned's alleged claims made the subject of this Agreement; and of and from any and all claims, obligations, liability or additional payments of any kind or character whatsoever arising in any manner from the causes of action, rights, demands and claims hereby released by the Undersigned; including, but not limited to, any claims for subrogation, contribution, assignment, indemnity (third-party or otherwise), medical expenses and fees, attorney's fees, costs of court, litigation expenses, and interest. It is the specific intent of the Undersigned that the Released Parties shall not hereafter be subject to exposure to any liability whatsoever to any other person, firm, organization, corporation, or governmental agency or entity, said liability arising either directly or indirectly from the alleged claims made the subject of this lawsuit and Agreement and released hereby. Nothing in this release and settlement agreement shall operate to prevent or stop the Undersigned from filing suit and/or claims against any other person or entity in regard to the claims made the subject of this lawsuit, with the exception of those persons and or entities covered within the definition of the "Released Parties"; however, the Undersigned specifically agrees to hold the Released Parties harmless in every way if he does in fact commence

any further lawsuits or claims against any other person or entity concerning the allegations made against the Released Parties which are the subject of this agreement.

## VIII.

It is further expressly understood and agreed by the Undersigned that he is acting voluntarily and of his own free will, and that this Agreement was not induced by any representation whatsoever by any of the Released Parties or their representatives, save and except that which is expressly set forth herein. The Undersigned is in no manner relying upon a promised warranty, representation or agreement of any kind whatsoever made directly or indirectly by or on behalf of the Released Parties, save and except that which is expressly set forth herein. The Undersigned is instead relying upon his own independent judgment, exercised by the Undersigned as to the rights and obligations of this Agreement.

## IX.

The Undersigned acknowledges his understanding and agreement that this is a full, final and complete settlement and release of any and all claims of any nature, character and kind arising from the aforementioned alleged claims, or arising out of any acts, omissions, events, occurrences, or happenings prior to the date of this Agreement.

## X.

It is further acknowledged and agreed by the Undersigned that this settlement is in compromise of disputed claims, and that the payment made herein shall not be construed as an admission of liability on the part of the persons, firms, organizations or corporations hereby released, by each of whom liability is expressly denied; and that such sum is paid in compromise of disputed claims to avoid the time, trouble and expense of further investigation and litigation of said claims.

## XI.

The Undersigned agrees to execute this and such other and further releases, documents and instruments as may be necessary or desirable to effectuate the complete settlement of the rights, claims, interests and causes of action herein released.  Such other and further releases, documents and instruments include, but are not necessarily limited to, a Joint Stipulation of Dismissal with Prejudice, to be filed with the Clerk of the Court in the Case, effectuating a full, final and complete dismissal with prejudice of all of the Undersigned's claims in the Case, including, but not limited to, all claims which were stated or which could have been stated by the Undersigned in the Case.

## XII.

It is further understood and agreed by the Undersigned that the Released Parties shall not be further liable either jointly and/or severally to the Undersigned and/or his attorneys, individually or collectively, for any costs, expenses or attorney's fees, including any provided for by statute.  All costs, expenses and attorney's fees resulting from the aforementioned alleged claims will be paid out of the amount paid in settlement hereof.

## XIII.

The Undersigned further warrants and agrees that if he hereafter commences any suit against the Released Parties arising out of, based upon, or relating to any of the claims or causes of action which he has released herein, then he agrees to pay the Released Parties, in addition to any other damages caused to the Released Parties thereby, all attorney's fees, costs and expenses incurred by the Released Parties in defending or otherwise responding to said suit.

## XIV.

The Undersigned further acknowledges his understanding and agreement that he has not relied upon any advice whatsoever from the Released Parties as to the taxability, whether pursuant to federal, state or local income tax statutes or regulations, or otherwise, of the consideration paid hereunder, and that he will be solely liable for any such tax obligations that may arise here-from, if any.

## XVI.

The Undersigned further acknowledges his understanding and agreement that if the facts with respect to which this Agreement are based are found hereafter to be other than or different from the facts now believed by the Undersigned to be true, then he expressly accepts and assumes the risk of such possible difference in facts and agrees that this Agreement shall be and remain effective notwithstanding such difference in facts.

## XVII.

It is further understood and agreed that this Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There are no agreements, written or oral, express or implied, between the parties hereto, concerning the subject matter hereof, except the agreements set forth in this Agreement.

## XVIII.

This Agreement shall be construed in accordance with and governed for all purposes by the laws of the State of Alabama.

## XIX.

The Undersigned acknowledges and represents that he has carefully read the foregoing Agreement, knows and understands the contents hereof, and signs this Agreement as his own free act.

WITNESS my hand this _7th_ day of _November_, 2007.

_Eugene Evans, MD_
Dr. Eugene Evans

STATE OF ALABAMA

COUNTY OF MONTGOMERY

On this the _9th_ day of _November_, 2007, before me personally appeared **Dr. Eugene Evans**, to me known to be the person named herein and executed the foregoing Release, and acknowledged to me that he voluntarily executed the same.

_Lauren J. Riley_
NOTARY PUBLIC
My Commission Expires: _1/3/10_